**Linda J. Larkin**, OSB# 792954
E-mail: linda@bennetthartman.com
**BENNETT HARTMAN, LLP**
210 SW Morrison Street, Suite 500
Portland, OR   97204-3149
Telephone:  503-227-4600
Facsimile:  503-248-6800
**Attorney for All Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TIMOTHY J. GAUTHIER AND GARTH BACHMAN, TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON NECA-IBEW ELECTRICAL WORKERS AUDIT COMMITTEE,<br><br>            Plaintiffs,<br><br>     vs.<br><br>VITRO ELECTRIC, LLC,<br><br>            Defendant. | Civil No. 3:20-cv-1913<br><br>COMPLAINT<br><br>(ERISA Action for Delinquent Contributions, Pendent Claims for Breach of Agreement) |

**PARTIES**

1.      At all material times hereto, Plaintiffs Timothy J. Gauthier and Garth Bachman are Trustees of and comprise the Oregon-Southwest Washington NECA-IBEW Electrical Workers Audit Committee (the "Audit Committee"), and are the designated collection agents for the trustees of the Trust Funds, authorized to collect from signatory employers the employee benefit contributions and other amounts required to be paid by employers or withheld from their

Page 1 - COMPLAINT

employees' wages, under the Collective Bargaining Agreements ("CBAs") and the provisions of the Trust Agreements.

2. Pursuant to the terms of the CBAs, and pursuant to policies and procedures agreed upon by the Oregon-Columbia Chapter of National Electrical Contractors Association ("NECA"), International Brotherhood of Electrical Workers Local 48 ("IBEW L. 48"), International Brotherhood of Electrical Workers Harrison Electrical Workers Trust Fund ("Harrison Trust"), Edison Pension Trust ("Edison Trust"), National Electrical Benefit Fund ("NEBF"), International Brotherhood of Electrical Workers District No. 9 Pension Plan ("District 9 Pension Plan"), NECA-IBEW Electrical Training Trust ("Training Trust"), and the Barnes-Allison Labor-Management Cooperation Committee ("BALMCC"), the Audit Committee is authorized to take appropriate action, on behalf of the Trust Funds and IBEW L. 48 to collect all amounts owed by an employer under, and enforce the terms of, the CBAs requiring payment of wage withholdings, employee benefit contributions, interest, liquidated damages, and collection costs.

3. At all material times hereto, Harrison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. Harrison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

4. At all material times hereto, Edison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of the Employee Retirement Income Security Act of 1974, as amended (ERISA). Edison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

5.      At all material times hereto, NEBF is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA.  NEBF is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

6.      At all material times hereto, District No. 9 Pension Plan is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA.  District 9 Pension Plan is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

7.      At all material times hereto, the Training Trust was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq*. of ERISA.  The Training Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

8.      At all material times hereto, BALMCC was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq*. of ERISA.  BALMCC is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

9.      At all material times hereto, IBEW L. 48 is a labor organization with its principal office and place of business in Multnomah County, Oregon, representing employees of the defendant.

10.     Herein, Harrison Trust, Edison Trust, NEBF, Training Trust, BALMCC, and District 9 Pension together will be collectively referred to as the Trust Funds ("Trust Funds").

11.     At all material times hereto, defendant Vitro Electric LLC. ("Vitro Electric") was and is an Oregon limited liability corporation registered to do business in Oregon.

## JURISDICTION AND VENUE

12. This court has jurisdiction over the First Claim for Relief brought pursuant to Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145, and pursuant to 29 USC §185.

13. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 USA § 1132.

14. At all material times to this proceeding, defendant Vitro Electric was bound by written CBAs with IBEW L. 48.

15. Plaintiffs maintain their principal office, within the meaning of 29 USC § 1132(k), in the District of Oregon.

16. By virtue of the provisions in the CBAs, Vitro Electric agreed to be bound to the terms of the Trust Agreements and plans for each employee benefit fund, and acknowledged, accepted, and agreed to the delegation of the collection authority to the Audit Committee.

17. The Trust Agreements provide that plaintiffs may initiate legal proceedings in the venue of Multnomah County, Oregon.

18. The Court should assume pendent jurisdiction over the Second and Third Claims for Relief against defendant which allege breach of contract for the following reasons:

    a. The Court has jurisdiction over Plaintiffs' First, Second and Third Claims for Relief which alleges violations of ERISA and of the LMRA;

    b. The Second and Third Claims for breach of contract are based upon the same operative facts which are alleged in Plaintiffs' ERISA and LMRA claims; and

    c. Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises pendent jurisdiction over Plaintiffs' Second and Third Claims for Relief.

## FIRST CLAIM FOR RELIEF

### ERISA ACTION FOR OUTSTANDING TRUST FUND CONTRIBUTIONS AND SPECIFIC ENFORCEMENT OF THE CBA

19. Plaintiffs re-allege and incorporate by this reference paragraphs 1 through 18 of this complaint as if set forth in full.

20. Under the terms of the CBAs, Vitro Electric agreed to report labor performed by its employees and pay all employee benefit contribution and wage withholdings required under the CBAs and applicable Trust Agreements.

21. Under the CBAs, Vitro Electric also agreed:

   a. To file employee benefit contribution reports for each period of covered employment;

   b. To pay employee benefit contributions and amounts owing by the fifteenth (15th) day of the month following each applicable period;

   c. To pay liquidated damages to the Trust Funds for each month of delinquent employee benefit contributions;

   d. To pay interest at the rate of ten per cent per annum from the date contributions were due, until paid; and

   e. To pay reasonable attorney fees and costs for all collection efforts.

22. Defendant Vitro Electric failed to timely file employee benefit contribution reporting or properly fund reports as required under the terms of the CBAs for the hours worked in August and September 2020.

23. The total underpayment of employee benefit contributions reported due by the Defendant for August and September 2020 are in the sum of $76,613.97, all of which remains outstanding and unpaid.

24.     Based upon the unpaid employee benefit contributions Vitro Electric owes to the Trust Funds, liquidated damages to which the Trust Funds are entitled under the Agreements and under 29 USC § 1132(g)(2) are in the sum of $15,322.79.

25.     Based upon the unpaid employee benefit contributions owing to the Trust Funds under 29 USC § 1132(g) (2) and the Trust Agreements now due and owing from Vitro Electric is interest on the unpaid contributions at the rate of ten (10%) percent per annum from the date contributions were due until paid, which amount is calculated to be $340.16 through October 30, 2020.

26.     The Trust Agreements which govern the Trust Funds provide that in the event that defendant Vitro Electric fails to pay employee benefit contributions and legal proceedings are instituted, the Trust Funds are entitled to recover a reasonable attorney fee and all their costs to be determined herein.  Plaintiffs are also entitled to their reasonable attorney fees and costs under the provisions of 29 USC § 1132(g) (2).

## SECOND CLAIM FOR RELIEF

## PENDANT CLAIM FOR LIQUIDATED DAMAGES

27.     Plaintiffs re-allege paragraphs 1 through 26 above as if fully set forth herein.

28.     Under the terms of the collective bargaining agreements between Vitro Electric and IBEW L. 48 and the terms of the Trust Agreements of the Trust Funds, Vitro Electric agrees to make payments of employee benefit contributions as provided for in said agreements each month on behalf of each employee covered by the collective bargaining agreements. Vitro Electric agrees thereby to be bound by the terms of the Trust Agreements and the acts and determinations of the Trustees.

29. The Trust Agreements provide that employee benefit contributions for each calendar month are due on the 15th day of the month following the month in which the hours are worked and payment is delinquent if not received by the close of business on the fifteenth of the month. The Trust Agreements also provides that in the event that the contributions for employee benefits are delinquent, the delinquent employer becomes liable for interest on the outstanding contributions at the rate of 10% per annum from the date due until paid; liquidated damages, collection costs, and reasonable attorney fees and costs.

30. At the time the Trust Agreements were written it was impractical and extremely difficult to fix the amount of damages or harm that would be caused to the Trust Fund by the failure of an employer to properly and timely pay contributions. The Trust Agreements provide that in the event that contributions have been received but a payment of liquidated damages in a sum fixed under the Trust Agreement and interest shall be due.

31. Vitro Electric failed to pay employee benefit contributions due and owing to the Trust Funds for the month of July 2020 timely and was delinquent in failing to pay said contributions until August 19th, 2020, and thereby breached the terms and provisions of the Trust Agreement, and liquidated damages and interest are now due.

32. As a result of Vitro Electric's delinquency and breach of the Trust Agreement, Vitro Electric owes the Trust Funds the sum of $8,701.17 as liquidated damages. Interest is also due pursuant to 29 USC § 1002 *et seq,* and is calculated through August 19, 2020 in the amount of $340.16. To date, and despite demand for payment, Vitro Electric has failed to pay these amounts.

33. Based on the terms of the Trust Agreement and the CBA, Plaintiffs are also entitled to recover reasonable attorneys' fees and collection costs from Vitro Electric.

## THIRD CLAIM FOR RELIEF

## (PENDANT CLAIM FOR BREACH OF CONTRACT)

34. Plaintiffs re-allege paragraphs 1 through 33 above as if fully set forth herein.

35. The CBAs provide that the Audit Committee shall enforce collection of and Vitro Electric shall pay various wage withholdings and forward to the Audit Committee's collection agent, certain amounts due to employees for union dues, Political Action Committee contributions, and vacation funds.

36. The CBAs provide that Vitro Electric shall pay to the Audit Committee's collection agent certain amounts due on behalf of employees for Administrative Fund fees.

37. The amounts due for union dues, the Political Action Committee contributions, vacation funds and the Administrative Fund are due and payable on the 15th day of the month following the month in which the hours were worked and wages were earned which form the basis of the calculation of the amounts due.

38. For the months of August and September, 2020, Vitro Electric reported, but failed to timely pay the wages withheld or the sums due for: union dues, the Political Action Committee contributions, vacation funds, or the Administrative Funds in the amount of $4,841.08 for August, 2020, and in the amount of $5,405.73, for the month of September, 2020.

39. Pursuant to ORS 82.010 *et seq* monies which become due and owing bear interest at the rate of nine percent per annum. Interest accrues daily on the total amount due for PAC, union dues, vacation funds, and Administrative Funds at the rate of nine percent (9%) per annum. Plaintiff should be awarded interest on the balance due for wages withheld and/or due from the date due until paid or in the sum of $73.71through October 30, 2020  for the

outstanding August and September 2020 wage withholdings and administration fees, calculated at the rate of nine percent (9%) per annum.

WHEREFORE, plaintiffs pray for judgment against Vitro Electric as follows:

1. Under the First Claim for Relief from Vitro Electric:

   a. Contributions in the sum of $76,613.97;

   b. Liquidated damages in the sum of $15,322.79; and

   c. Interest through October 30th in the sum of $638.44 and continuing to accrue thereafter at the rate of 10% per annum.

2. Under the Second Claims for Relief from Vitro Electric:

   a. Liquidated damages in the sum of $8,701.17; and

   c. Interest through October 30th in the sum of $362.53 and continuing to accrue thereafter at the rate of 10% per annum thereafter.

3. Under the Third Claim for Relief against defendant Vitro Electric:

   a. For wage withholdings due for hours worked in August and September 2020 in the reported sum of $10,246.81; and

   b. Interest through October 30th in the sum of $ 73.71, and continuing to accrue thereafter at a rate of nine percent per annum or calculated from the date payment was due until paid, for unpaid August and September 2020 wage withholdings.

/ / /

/ / /

/ / /

/ / /

Page 9 - COMPLAINT

4.  Under all claims for relief above, for Plaintiff's reasonable attorney fees and costs and disbursements incurred herein.

DATED this 4th day of November, 2020.

BENNETT HARTMAN, LLP

/s/ Linda J. Larkin
Linda J. Larkin, OSB No. 792954
Telephone: 503-227-4600
E-Mail: linda@bennetthartman.com
Attorney for All Plaintiff